E. PALMER *et al.*, Appellants, *v.* SAMUEL HATCH *et al.*
Respondents.

<div style="float:right">

| 46 | 585 |
|----|-----|
| 43a | 268 |
| 46 | 585 |
| 53a | 590 |

</div>

1. *Sales — Warranty — Seizure by United States Government — General power of sale does not imply power to warrant against.*—An authority to an agent to sell goods includes, in the absence of countervailing circumstances, authority to employ the usual modes and means of accomplishing the object proposed, such as a warranty of the quality and condition of the article sold. But a naked general power of sale given the agent does not carry with it such unusual authority as a right to warrant against any seizure of the article sold — *e. g.*, whisky — for violation of the revenue laws prior to sale.

*Appeal from St. Louis Circuit Court.*

*Donaldson & Skinker*, for appellants.

I. The overwhelming weight of decisions sustain the agent's implied power to give warranty at the time of sale, because "a warranty is one of the usual means of effecting a sale." (6 Hill, 336; Fenn v. Harrison, 3 T. R. 761; 4 T. R. 117; Helyear v. Hawke, 5 Espin. 72; Woodin v. Buford, 2 Cramp & M. 391; Andrews v. Kneeland, 6 Cow. 354; Nelson v. Cowing, 6 Hill, 336; Milburn v. Belloni, 34 Barb. 607; Hunter v. Jamison, 6 Ired. 255–60; Woodford v. McClanahan, 4 Gilm., Ill., 90; Sanford v. Handy, 23 Wend. 260; Schuhardt v. Allens, 1 Wall., S. C., 369; Skinner v. Green, 9 Porter, Ala., 305; Gains v. McKinley, 1 Ala. 446; Bradford v. Bush, 10 Ala. 300; Cocke v. Campbell, 13 Ala. 286; Franklin v. Ezell, 1 Sneed, Tenn., 500; Dennis v. Ashley's Adm'x, 15 Mo. 453; Taylor v. Labeaume, 44 Mo. 572; Smith's Merc. Law, 164.) Dennis v. Ashley's Adm'x settles the law of this case.

II. The warranty in this case was one not inappropriate to the subject-matter. It was, in effect, an agreement of indemnity, like all other warranties. Under the United States revenue law, March 3, 1867 (14 U. S. Stat. at Large, 482, §§ 14, 21), rectified whisky sold or offered for sale at less than the tax rate was subject to seizure and forfeiture as for non-payment of taxes (of which such sale or offer was *prima facie* evidence), and the burden of proof lay with the claimant to show that the tax had

been paid. (5 Blatchf. 542.) This whisky was offered and sold at less than the tax rate. It was therefore brought in imminent danger of seizure, and was liable to entail great loss on plaintiffs. If seized, the burden of proof of payment of taxes lay upon plaintiffs.

*Harding & Crane*, for respondents.

CURRIER, Judge, delivered the opinion of the court.

It appears that the defendants, in July, 1867, sold and delivered to the plaintiffs sundry casks of whisky. It is averred in the petition that, at the time of the sale, the defendants, through their agent, Richardson, promised and agreed, in consideration of the purchase, to indemnify the plaintiffs against any loss or expense which might accrue to them in consequence of any seizure of said whisky on account of any supposed violation of the revenue laws of the United States prior to the sale. The petition further shows that the whisky was subsequently seized and proceeded against for an alleged non-payment of taxes prior to the sale; that it was afterwards released, and that the plaintiffs incurred considerable expense in defending the property against the claim of the government. The recovery of these expenses is the object of this suit.

At the trial the plaintiffs called one of the defendants as a witness, who testified as follows: "Richardson was our agent. We sent him out to sell whisky through the country. He sold by a printed card of prices. This card was the only instruction we gave him. He was not authorized to give any warranty." This was all the evidence in relation to the scope of the agency.

The court excluded evidence and gave and refused instructions, upon the theory that there was no evidence tending to show authority in Richardson to bind his principals as parties to the alleged contract of warranty; and this action of the Circuit Court is what is complained of as erroneous. The plaintiffs insist that the authority to make the contract springs out of and results from Richardson's authority to make sales; that the authority to warrant was an incident of his agency. There would be force in this

Palmer et al. v. Hatch et al.

view if the warranty had been of the title, condition, or quality of the article sold, or that it was free from tax liens. But such was not the character of the warranty.

The warranty set up in the petition had no reference to the condition or quality of the goods. It had reference alone to a contingent future seizure, and was a warranty against seizures which might be groundless and unwarranted. Was the giving of such a warranty one of the ordinary and usual modes of effecting sales? It does not so appear. A warranty against an unlawful interference would seem to be unusual and extraordinary. An authority to enter into such a contract can not be implied from Richardson's selling agency. Other proof is required to establish the fact of the existence of such a power. The evidence negatives the existence of any express authority, and the plaintiffs rest the case upon the implied powers of the agent.

The general doctrine on this subject is not doubtful. An authority to an agent to sell goods, such as the defendants conferred upon Richardson, includes, in the absence of countervailing circumstances, authority to employ the usual modes and means of accomplishing the object proposed, such as a warranty of the quality and condition of the article sold. (Sto. Agency, § 85; Nelson v. Cowing, 6 Hill, 336.)

But the warranty counted upon in the plaintiffs' petition, as we have seen, is not of that character. It extends to and assumes to warrant the plaintiffs against gratuitous and unwarrantable interferences with the subject of the sale. Such warranties, it is apprehended, are of rare occurrence. The authority of an agent to make them is not inferable from a naked general authority to sell.

The judgment will be affirmed. The other judges concur.