## MORRIS *v.* BOWEN.

In an action to recover of the defendant the amount of a judgment against him, which the plaintiff alleged he had guaranteed and paid at the request and for the benefit of the defendant, the record of the judgment, reciting the note upon which it purported to have been founded, and the plaintiff's guaranty indorsed thereon, was *held* admissible, as evidence of the existence of the note and of the guaranty thereon.

A requested B to purchase for the former of C a lot of pelts, to be paid for in cotton goods, but did not furnish any cotton goods or other means of payment. B purchased the pelts, and gave C a promissory note for the price thereof, in which it was stipulated that the pelts were to be paid for in cotton goods, on demand, said note being signed by B as the agent of A, who also indorsed his personal guaranty of payment upon the note. *Semble* that B had authority thus to guarantee the payment of the note, and to make his principal liable thereon for reimbursement for the amount of the note, which he had been compelled to pay.

*Held,* that A, having received the pelts with knowledge of the doings of his agent and without objection, was estopped to allege the agent's want of authority.

ASSUMPSIT, by Sylvester Morris against Henry S. Bowen, for money paid. Writ dated April 22, 1871. Plea, the general issue.

The plaintiff offered the record of a judgment, recovered in Massachusetts in 1845, by Downer, Nevens & Fish, against the present defendant. The record showed the judgment to be founded on the following note:

" $133.13.                         ROYALSTON, 12th Feb., 1842.

"For value received, we promise to pay to Downer, Nevens & Fish, or their order, one hundred and thirty-three dollars and thirteen cents, in domestic cotton goods, at the lowest cash price, on demand, with interest.                         HENRY S. BOWEN, by S. Morris."

Indorsed : " I guarantee the payment on the within note, and waive the usual notice and demand.                         S. MORRIS."

The defendant objected to any secondary evidence of the contents of the note ; but the court, *pro forma,* allowed the judgment to be introduced as evidence, though not conclusive, of the existence of the note, and the guaranty thereon. To this the defendant excepted. Said record is made part of this statement.

The plaintiff testified that the defendant asked him to buy for the defendant a particular lot of pelts of Downer, to be paid for in cotton goods ; that he purchased them accordingly, and gave the above note; that, upon demand made by Downer & Co., about 1845, he paid to them the amount of the judgment, and that the defendant had never

reimbursed him. The plaintiff was asked, " How came you to guarantee the note ? " He answered, " Downer & Co. knew that I was good, and did n't know Bowen." The plaintiff further testified that since he paid the judgment, the defendant had, on several occasions, told him that he (the defendant) had not the means of paying him, but that he would pay him if he could.

A motion for a nonsuit having been *pro forma* denied, subject to exception, the defendant's counsel declined to introduce any evidence, stating that they had concluded to carry the case up to the law term. Thereupon a *pro forma* verdict was directed for the plaintiff.

Motion to set aside the verdict. Case reserved.

*Wait*, for the defendant.

1. The judgment in favor of Downer, Nevins & Fish against this defendant did not bind the present plaintiff, and was not offered in that view. It was offered as evidence of the contents of the note. This was secondary evidence, for the reception of which no foundation had been laid. It was, therefore, incompetent.

2. The plaintiff was authorized to buy for the defendant a particular lot of pelts, to be paid for in cotton cloth. He had no general authority, but was, in the purest sense, a special agent to effect that particular transaction. Story on Agency, secs. 17, 126. The giving of this note was no part of the transaction which the plaintiff was employed to effect; nor was it necessary to the complete performance of the act authorized. *Emerson* v. *Company*, 12 Mass. 237 ; *Savage* v. *Rix*, 9 N. H. 263 ; *Backman* v. *Charlestown*, 42 N. H. 125.

3. We suppose it will hardly be contended that, from the nature of the authority conferred, the plaintiff in this case was authorized by implication to guarantee the payment of this note, or the purchase-money of the pelts. The testimony of the plaintiff himself, so far from showing any express authority to make this guaranty, renders it very clear that no such authority was conferred. This guaranty was, therefore, wholly unauthorized, and this action, being primarily founded upon it, cannot be maintained.

4. After the lapse of twenty years, the presumption is that this judgment had been paid ;—and no competent evidence was offered to rebut this presumption.

More than twenty years had also elapsed since this indebtedness (if such there was) to the plaintiff arose.

The declaration of the defendant to the plaintiff " that he (the defendant) had not the means to pay him, but that he would pay him if he could," was not an agreement to pay. The whole language precludes any such idea. *Manning* v. *Wheeler*, 13 N. H. 486 ; *Atwood* v. *Coburn*, 4 N. H. 315 ; *Exeter Bank* v. *Sullivan*, 6 N. H. 124 ; *Smith* v. *March*, cited 6 N. H. 133.

If this language of the defendant could be construed to amount to an agreement, the most that can be said of it is, that it was upon a

nsideration wholly past, and executed at the time, and incapable of pporting a contract. *Allen* v. *Woodward,* 22 N. H. 544; *Wilson* v. *dmonds,* 24 N. H. 517; *Hatch* v. *Purcell,* 21 N. H. 544; *Knox* v. *Martin,* 8 N. H. 154; *Nash* v. *Tattock,* 2 H. Black. 319; *Comstock* v. *Smith,* 7 Johns. 87; 1 Parsons on Con. 468. But when it is considered that the guaranty itself upon which this payment was made was wholly unauthorized, it is more properly to be regarded as wholly without consideration.

Nor was this evidence competent to remove the presumption of payment from lapse of time. To remove this presumption, the mere testimony of the party that the debt has not been paid is not sufficient. This would be to let in the mere recollection of the party, or rather his non-recollection, to rebut a presumption which the law raises, which is the very mischief to guard against which the rule was intended. The statute enabling parties to testify was never intended to effect such an object.

5. There was nothing in the suggestion of counsel in this case which authorized the court to direct a verdict for the plaintiff; and the evidence in the case did not warrant such a course. But the motion for a nonsuit ought to have been granted.

*Colby,* for the plaintiff.

1. The record of judgment recovered by Downer, Nevens & Fish was properly admitted. It is a record of a judgment obtained in a foreign jurisdiction. The presumption is, that the note upon which it is founded is upon the files of the court there. It would be impracticable to produce it here. There is no process known to this court that can compel it. The only way of showing the contents of the note is by a copy of the record. The record is admissible—art. 4, sec. 1, Const. of the United States—and is *prima facie* evidence at least of whatever is set forth in it. See, further, as to its admissibility, *Vogt* v. *Ticknor,* 48 N. H. 242.

2. The authority of the plaintiff in the purchase of the sheep's pelts, though confined to a single transaction, and to contracting for payment in cotton goods, was not so limited that he could not put the promise to pay in writing, or, in other words, give a promissory note without exceeding his authority. The giving of such a note would be in the ordinary course of such a matter of business as was entrusted to the plaintiff, and in this respect is a very different case from that of *Savage* v. *Rix,* 9 N. H., cited by the defendant.

As to the guaranty, we say the defendant's request was positive that the plaintiff should purchase for him of Downer & Co. a particular lot of sheep's pelts, to be paid for in cotton goods. It appears, further, that Downer & Co. did not know the defendant (a fact which must have been well known to the defendant), and on that account they required the plaintiff's guaranty, whom they did know. The fair inference from the testimony is, that the purchase could not

be effected without the guaranty, and was a necessity to it. It was, therefore, within the scope of the plaintiff's authority. Story on Agency, sec. 58, and note; also, Story on Agency, sec. 102; *Goodale* v. *Wheeler*, 11 N. H. 424.

Being a stranger, the defendant might well have expected that the plaintiff would give such assurance as he did of his (the defendant's) good faith and ability to fulfil the contract. Furthermore, the defendant subsequently received the benefit of the transaction, and also, after the plaintiff had made payment for which he now claims to be reimbursed, used language to the plaintiff entirely inconsistent with an understanding that the plaintiff had exceeded his authority.

3. The presumption from lapse of more than twenty years is a presumption of fact, and may be rebutted. This has been done in this case by testimony showing that the judgment was paid by the plaintiff, and also showing that the plaintiff had never been reimbursed.

4. Therefore the motion for a nonsuit was properly denied.

FOSTER, J. It was essential, in order for the plaintiff to make out his case, that he should show that he had been compelled to pay the indebtedness of the defendant to Messrs. Downer, Nevens & Fish. If, to do this, it were necessary to produce evidence of the original note, which was the foundation of the judgment recovered by Downer, Nevens & Fish, the record of the judgment obtained thereon was competent for that purpose.

As between this plaintiff and the defendant, that judgment was *res inter alios*. If this were any objection to its competency in evidence, the same objection would apply equally to any admission in evidence of the note upon which the judgment was founded. Producing and proving the note would only remove the objection one step further off: for, as to this plaintiff, the admissions and contracts of the defendant are as much *inter alios* as the judgment.

No one is concluded by a judgment to which he is not actually, or in contemplation of law, a party. But it is said that, even as to third persons, a judgment, if admissible for any purpose, should be taken for such as it purports to be, till something is shown to the contrary ; till something is shown to throw suspicion on its apparent reality and fairness. *Vogt* v. *Ticknor*, 48 N. H. 242.

As to the defendant, in connection with Downer, Nevens & Fish, the judgment is not *inter alios*. He has the means of showing that it was obtained by fraud, or without actual notice, or that it has been paid, if truth will admit of such a showing ; and, as in favor of this plaintiff, the defendant is by no means concluded by it. Such was the ruling of the court. It was received in evidence as competent though not conclusive evidence of the existence of the note, and the guaranty for the payment thereof by the plaintiff. The record of the judgment showed the judgment to be founded upon the note described therein.

That record was evidence of the existence of the paper writing therein called a note,—evidence of the existence of the paper, its face

and its back, and of the pen and ink marks thereon. As such, and without the supplemental evidence of the plaintiff, it was worthless as a piece of proof. It was evidence of the existence of the writing denominated a note, and of the existence of the writing on the back thereof denominated a guaranty : it was evidence of nothing more, and it was admitted as evidence of nothing more. It was not evidence of the signature of the original note, nor of the signature of the guaranty. It was not evidence, *per se*, of an original indebtedness from the defendant to Downer, Nevens & Fish, nor of the plaintiff's guaranty thereof, nor of his payment according to the terms of the guaranty, and for no such purpose was it received.

In practice, as we all know, judgments upon promissory notes and similar evidences of indebtedness are only ordered (at least, executions upon such judgments are issued only), upon filing in the clerk's office, if it may be had, the original note or other evidence of indebtedness, which thus becomes a permanent record and part of the files of the court. An original foreign record cannot be produced in our courts by compulsory process, but only a copy thereof, duly authenticated according to the act of congress of May 26, 1790, in conformity with the provisions of the constitution of the United States, article 4, section 1.

The defendant contends that there is no evidence in the case to control the presumption, from lapse of time, that the judgment has been paid. But the evidence was offered, not to show an existing indebtedness, but only to show, in connection with the plaintiff's testimony, what the sum and thing was which he said he had once paid for the defendant,—as a link, merely, in the plaintiff's chain of proofs, quite useless without other supports, but quite strong when joined with other very important links, namely, the plaintiff's own oral evidence concerning the matter and the substantial admission of the defendant, not that he would pay (so as to take the case out of the statute of limitations, if that had been, as it is not, interposed), but that he has not paid it. The question is not as to the effect, but as to the admissibility of the evidence ; and concerning its competency we have not the least doubt.

Was the execution of this note within the scope of the agent's authority, and thus binding upon his principal ?

The defendant, without any limitation of the power conferred, engaged the plaintiff to purchase of Downer, Nevens & Fish a particular lot of pelts, to be paid for in cotton goods, but furnished no cotton goods or other means of payment.

As the special agent of the defendant for this purpose, the plaintiff was authorized to pledge the credit of his principal, and to make the latter answerable upon a promissory note or other express promise to pay. The case of *Emerson* v. *The Providence Hat Co.*, 12 Mass. 237, cited by the defendant upon this point, does not support his argument, but is an authority in the opposite direction. See the remarks of PARKER, C. J., page 242.

Authority to accomplish a definite end, carries with it by necessary

implication an authority, so far as the principal can confer it, to use such legal and appropriate means as may be necessary to accomplish the object; and if the result cannot be obtained without the guaranty of the agent, unless such means are forbidden, they must be considered as incident to the authority and agency.

Authority to sell implies power to sell with warranty—*Palmer* v. *Hatch*, 46 Mo. 585 ; and authority to buy goods, no funds being provided for the purchase, and no restriction being imposed upon the agent, must imply authority to bind the principal to pay for them ; and how can it be material whether the principal shall be thus bound to pay the vendor of the goods, or the agent who obtains them by means of his personal credit ?   See Story on Agency, secs. 57–60, 102 ; *Backman* v. *Charlestown*, 42 N. H. 125, 131, 132.

But if there can be any doubt as to the existence of an original implied authority to guarantee the payment of the note, evidence of a ratification of the plaintiff's act is furnished by the defendant's repeated declarations to the plaintiff that he would pay him if he had the means of doing so.   The authority of an agent to execute a written contract for the purchase of lands may be shown by oral ratification, and the acts of the principal, from which such ratification may be inferred, are competent evidence for that purpose.   *Hammond* v. *Hannin*, 21 Mich. 374.

If a principal knows that a credit has been obtained by his agent, in the course of his business, for his benefit, and, having received that benefit, if he recognizes the claim as fairly entitled to payment out of his property, a jury may well infer a ratification of the contract made by the agent, though originally without authority.   *Wright* v. *Burbank*, 64 Pa. St. 247.

If the principal have knowledge of his agent's acts, and do not repudiate them in a reasonable time, they will stand.   Where an agent does an unauthorized act, and the act is known to the principal, who makes no objection, this acquiescence will bind him.   McLEAN, J., in *Abbe* v. *Rood* 6 McLean 108, 109, citing Story on Agency, sec. 255.

And upon the ordinary principle of estoppel, a principal, who has accepted a deed, for example, made by his agent without authority, will not be permitted to allege the agent's want of authority.   *Henry County* v. *Winnebago Drainage Co.*, 52 Ill. 454.

And so this defendant, having, with full knowledge and without objection, permitted the plaintiff to become his guarantor, and not only to buy the goods but to pay for them, and thus having received all the benefit accruing from the transaction, is estopped to deny the plaintiff's authority.

Upon all these considerations, we are of opinion that the defendants' exceptions should not prevail, and that there must be

*Judgment on the verdict.*