J. C. Samuel, Respondent, v. C. C. Bartee, Administrator, Appellant.

Kansas City Court of Appeals, April 17, 1893.

1. **Witnesses**: COMPETENCY: COMMON LAW AND STATUTE. The statute removes the common-law incompetency of parties to the record as witnesses except in case of the death of one of them.

2. ———: PRINCIPAL AND AGENT: COMMON LAW AND STATUTE. At common law an agent was competent to prove his authority and the statute does not render him incompetent notwithstanding the death of one of the parties.

3. **Principal and Agent**: AUTHORITY OF AGENT: WARRANTY OF HORSE. Unless the contrary appears an agent is always construed to possess all the necessary and usual authority of executing his agency with effect; and so an agent having a horse to sell is intrusted with power to warranty the horse, and such warranty will bind the principal notwithstanding instructions to the contrary.

*Appeal from the Audrain Circuit Court.*—Hon. E. M. Hughes, Judge.

Affirmed.

*Sam C. Major,* for appellant.

The only question presented by the record and that we ask this court to review, is the competency of R. E. Downing as a witness, and the refusal of the court to exclude his testimony. Revised Statutes, 1889, sec. 8918; *Chapman v. Dougherty,* 87 Mo. 617; *Meir v. Thieman,* 90 Mo. 433; Laws of Missouri, 1887, p. 287; *Fulkerson v. Thornton,* 68 Mo. 468; 1 Wharton on Evidence, sec. 406; *Looker v. Davis,* 47 Mo. 140; *Poe v. Domec,* 54 Mo. 119; *Rice v. McFarland,* 41 Mo. App. 489; *Grange v. Bassett,* 98 Mass. 462; *Ashbrook v.*

*Letcher*, 41 Mo. App. 369, 375; Rapalje on Law of Witness, sec. 140; *Williams v. Edwards*, 94 Mo. 447, 452; *Butts v. Phelps*, 79 Mo. 302; *Wiley v. Morse*, 30 Mo. App. 266; *Autmon v. Adams & Shirlock*, 35 Mo. App. 503; *Robertson v. Reed*, 38 Mo. App. 32; 1 Wharton on Evidence, sec. 469.

*W. T. Austin* and *George Robertson*, for respondent.

If it were conceded that Downing was respondent's agent, he was a competent witness. *Stanton v. Ryan*, 41 Mo. 510; *Baer v. Pfaff*, 44 Mo. App. 35. The question of the competency of a surviving party to a contract, made with a contracting agent (since deceased) of a firm or an individual, was not before the court in *Williams v. Edwards*, 94 Mo. 447. Section 8918, Revised Statutes, 1889, is in derogation of the common law and should be strictly construed.

SMITH, P. J.—This was an action originating in the probate court to recover damages sustained by plaintiff by reason of an alleged breach of warranty in the soundness of a horse.

Plaintiff and Guin, the deceased, never met. Downing, who was acquainted with both of these parties, was intrusted by the deceased to take the horse to the plaintiff for examination. The deceased said to Downing when he delivered him the horse for the purpose of being shown to plaintiff: "I guarantee him sound in every respect." Afterwards he was examined by plaintiff who expressed himself as not liking the looks of his eyes, and, thereupon, Downing told the plaintiff that the deceased, who was responsible, warranted the horse to be sound. The plaintiff then took the horse and paid Downing the price. It was shown that the horse had bad eyes, and, subsequently, went blind.

The plaintiff had judgment in the trial court and the defendant has appealed.

The only question presented by the record for our determination is the propriety of the action of the court in permitting the witness Downing to testify, it being defendant's contention that he was incompetent. By the common law, a party to the record in a civil suit could not be a witness either for himself or for a co-suitor in the cause. The rule of the Roman Law was the same. "*Omnibus in re propria dicendi testimonii facultum jura submoverant.*" 1 Greenleaf on Evidence, sec. 329. By the statute, Revised Statutes, sec. 8918, this disqualification imposed by the common law is removed, except in actions where one of the original parties to the contract or cause of action in issue and in trial is dead or is shown to be insane. By the common law it is competent to prove the authority of an agent by himself, his testimony as to the nature and extent of his authority when it rests in parol being as competent as that of any other witness. Mechem on Agency, sec. 102; *Thayer v. Meeker*, 86 Ill. 470; *French v. Wade*, 35 Kan. 391. The witness Downing being a competent witness under the common law, to prove his agency he was not rendered incompetent by the statute since it was designed to enlarge rather than to restrict the competency of witnesses.

The authority of an agent may be express or implied. And, whether it is conferred in the one way or the other, it is, unless the contrary manifestly appears to be the intent of the party, always construed to include all the necessary and usual means of executing it with effect. And so it has been said if a person having a horse to sell intrusts a servant with power to sell him, but directs the servant not to warrant him, and the servant, nevertheless, upon the sale, does warrant him, the master would be bound by the warranty

because the servant was acting within the general scope of his authority, and the public cannot be supposed to be cognizant of any private conversation between the master and servant. Story on Agency, secs. 58, 59 and 132; Mechem on Agency, secs. 280, 284 and 350. It is true that the cases are not in accord as to the implied power of the agent of a private person to warrant the soundness of a horse, some of them holding he has not such power. We think, however, the weight of authority recognizes the existence of the power. Mechem on Agency, sec. 351, and cases cited in notes 6, 7 and 8. *Palmer v. Hatch*, 46 Mo. 585.

But in this case it appears by the testimony of Downing that he had express authority to warrant the title to the horse, so that his authority in that regard must be regarded as quite ample. We are, therefore, of the opinion that the trial court did not err in its ruling, and so the judgment must be affirmed. All concur.