T. F. HUNT, Appellant, v. OSCAR F. WEED, Respondent.

Kansas City Court of Appeals, March 23, 1896.

1. **Trial Practice:** INSTRUCTION. An instruction which withdraws from the jury the consideration of evidence tending to vary the written contract, is *held* sufficient, although it contains the wrong reason for the conclusion it draws.

VOL. 65 app—34

Hunt v. Weed.

2. **Instructions**: INCLUDED IN OTHER INSTRUCTIONS. It is not reversible error to refuse an instruction when the same ground is covered in other instructions. An instruction relating to the duties of a patient who is using a catarrh medicine to apply for further treatment is *held* properly refused in this case in view of the directions accompanying the treatment.

3. **Appellate Practice**: IMPROPER INSTRUCTION: VERDICT FOR RIGHT PARTY. An instruction as to the effect of a warranty in regard to certain catarrh medicine is *held* improper, but the judgment is affirmed since it was for the right party and the verdict could not have been otherwise.

*Appeal from the Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*Sallee & Goodman* for appellant.

(1) The court properly instructed the jury that a principal is concluded by the acts of his agent only when they are within the scope of his authority, and the evidence shows that Ballard, appellant's agent, had no authority to make any contract save the one entered into in writing. This being the case, all evidence of contemporaneous oral statements by Ballard was clearly incompetent, and should have been excluded. 1 Greenleaf Ev. [12 Ed.], secs. 275, 276, pp. 312, 313; *Murdock v. Granahl*, 47 Mo. 135; *Walker v. Engler*, 30 Mo. 130; *Jones v. Shipley*, 90 Mo. 307; *Higgins v. Cartwright*, 25 Mo. App. 609. (2) The instructions given on behalf of defendant are erroneous in that they altogether ignore the rules prescribed for the government of patients while undergoing treatment. The second instruction for defendant recognizes the pamphlet containing the rules and requirements as part of the contract, in that it enumerates the excepted disorders, but peremptorily excludes any condition to be performed by defendant. While it is proper to set

forth the law governing the case in separate instructions or declarations, it is error when the defense is performance to ignore one or more of the conditions. *Haynes v. Churchill*, 29 Mo. App. 676; *Fitzgerald v. Metcalf*, 50 Mo. 576; *Bank v. Wilson*, 29 Mo. App. 384; *Hoffman v. Parry*, 23 Mo. App. 20; *Greer v. Parker*, 85 Mo. 107; *Tracy v. Iron Works*, 29 Mo. App. 342. (3) The court erred in refusing instructions 3 and 4 prayed for by plaintiff. *Shickle v. Chouteau, etc., Co.*, 10 Mo. App. 241; s. c., 84 Mo. 161; *Brownton v. Arnold*, 60 Mo. 79; *Lewis v. Ins. Co.*, 3 Mo. App. 372. (4) Where a warranty is given on condition that something shall be done by the warrantee, the performance of the stipulation is a condition precedent and it must be complied with before any liability attaches to the warrantor under his warranty. *Nichols, Shepherd & Co. v. Larkin*, 79 Mo. 264; *Bank v. Westlake*, 21 Mo. App. 565; *Craycroft v. Walker*, 26 Mo. App. 469; *Deere v. Hucht*, 27 Mo. App. 1; *Roy v. Boteler*, 40 Mo. App. 226; *Boyer v. Neel*, 50 Mo. App. 26; *Bent v. Alexander*, 15 Mo. App. 181.

*A. F. Woodruff* and *A. S. Cumming* for respondent.

(1) The general rule is as to all contracts including sales that the agent is authorized to do whatever is usual to carry out the object of his agency, and it is a question for the jury to determine what is usual. *Schuchardt v. Allen*, 1 Wall. 359; *Putman v. French*, 38 Am. Rep. 68; 53 Vt. 402; *Bentley v. Doggett*, 51 Wis. 224; 37 Am. Rep. 827; 2 Benjamin Sales [4 Ed.], sec. 945; *Mfg. Co. v. Ball*, 43 Mo. App. 504, at 512; *Canhan v. Mfg. Co.*, 55 N. W. Rep. 583; *Brownfield v. Ins. Co.*, 26 Mo. App. 390; *Nicholson v. Golden*, 27 Mo. App. 132; Story on Agency, sec. 127; *Johnson v. Jones*, 4 Barb. 569; *Brooks v. Jameson*, 55 Mo. 505;

*Hayner v. Churchill*, 29 Mo. App. 676; *Gentry v. Insurance Co.*, 15 Mo. App. 215; *Harrison v. Railroad*, 50 Mo. 332; *Victor S. M. Co. v. Rheinchild*, 25 Kan. 534; *Bannon v. Aultman & Co.*, 49 N. W. Rep. 967. (2) Even if it be admitted that the pamphlet offered in evidence was a part of the contract, no one except attorneys for plaintiff, would seriously contend that the extract from a last year's almanac was a part of the directions for using the medicine sold. The plaintiff could have as reasonably inserted a direction for his patients to make a pilgrimage to Mecca, or visit Ireland and kiss the Blarney stone, and the unsuspecting farmer would have purchased his medicine just as readily, especially where the written pamphlet, as in this case, was not shown until after the contract was completed, and the goods delivered.

SMITH, P. J.—The plaintiff sued the defendant before a justice of the peace, on the following written instrument, to wit: "I, O. F. Weed, have this day bought of A. L. Ballard, agent for Dr. R. H. Hunt's favorite line of medicines, the following bill: Instruments and medicine for catarrh, $10, for which I agree to pay ten dollars, on or before the first day of September, 1893.                    O. F. WEED."

It appears from the evidence that at the time of the execution of the written instrument and as a part of the transaction between Ballard, plaintiff's agent, and the defendant, the former delivered to the latter the following guaranty, to wit: "I, Dr. T. H. Hunt, having sold to O. F. Weed, an instrument and medicine for the treatment of catarrh of the head and throat, guarantee the said treatment to effect a cure of any case of uncomplicated catarrh, if the printed directions accompanying each instrument be faithfully followed.

"T. H. HUNT, M. D., McFall, Mo."

The instructions referred to in the above guaranty are these, to wit: "Every person who claims the benefit of the guaranty given by Dr. R. T. Hunt for the cure of catarrh and who wishes to get well, is expected to comply with the following instructions: Observe the symptoms and treatment of each kind of catarrh and the changing of fluids, as already stated; study the complications and have them removed.

"Every patient will be required to take proper care of himself while under treatment; avoid sudden changes from heat to cold; as becoming heated and cooling suddenly; avoid exposure to smoke and dust for any length of time; do not use any alcoholic spirits while under treatment; in fact, anything that is depressing or exhausting to the system must be avoided if a cure is expected.

"Where cases have been running for many months and even years, and more especially when the person is of a consumptive or scrofulous diathesis, they are very likely to become constitutional and require internal treatment; then the best skill and judgment on the part of the physician, and patience, persistence, and confidence on the part of the patient, is required to accomplish a cure, and if it is possible, come to McFall and we will give the very best treatment known to the medical profession, and can cure many such cases and can greatly benefit all; but if you have a competent specialist nearer to you, get counsel and be cured, for it will finally prove destruction if it is let run; but if it is not possible to come to our office nor get counsel nearer, then send to Dr. T. H. Hunt, McFall, Missouri, for a list of questions, and answer them carefully, and a treatment can be sent you by express which will accomplish a cure in many cases, and as for the cost, we can treat cases by correspondence for much less expense.

Any person having bought an instrument and medicine for the treatment of acute catarrh, and then should require treatment for complications, we will make proper reductions in the price, and our prices will be much less than if we lived in a city where rent and other expenses are so high.''

The defendant testified, without objection, that the plaintiff's agent verbally guaranteed to him that if the medicine mentioned in the instrument sued on did not effect a cure, he would not be required to pay the contract price; or, in other words, the verbal guaranty was to the effect that if ''there was no cure, there would be no pay exacted.'' The evidence was to the further effect that the plaintiff's daughter, who was afflicted with catarrh, and for whom the medicine and instrument were purchased, used the same according to the requirements of the first two paragraphs of the printed directions, but received no benefits therefrom.

There was a trial and judgment for defendant, from which judgment plaintiff has appealed.

The plaintiff complains that the court erred in its action in the giving and refusing of instructions. The plaintiff's first instruction which was given by the court told the jury: ''that a principal is only bound by the acts and declarations of his agent when they are within the scope of his authority and instructions; the jury, therefore, in making up their verdict, will exclude from their consideration, all evidence of any oral of verbal statements of Ballard made at the time defendant signed the instrument of writing read in evidence.''

This instruction as to the power of an agent to bind his principal in a case like this incorrectly expressed the law and ought not to have been given. *Samuel v. Bartee*, 53 Mo. App. 587. The latter part of the instruction correctly directed the jury, though for a wrong reason. It was, however, well enough, under

the rule that verbal evidence can not be received to add to, subtract from, or vary, a written instrument. *Tracy v. Iron Works*, 29 Mo. App. 342; s. c., 104 Mo. 193.

The giving of this instruction superseded the necessity of the giving of the plaintiff's third, which was refused. The refusal of the plaintiff's third, had it not been for the giving of the latter part of his first, would have afforded him some just ground for complaint, but since the direction given to the jury in the one was the same as that in the other, no harm could have resulted to him by the action of the court.

The plaintiff further complains of the action of the court in refusing his fourth instruction, which told the jury that: "After the defendant's daughter had used the appliance and remedy a reasonable length of time she ascertained she was not materially benefited, then it was her duty to make application to plaintiff for further advice and treatment, and if she failed so to do, then your finding should be for plaintiff."

The plaintiff only bound himself by his guaranty to effect a cure in a case of *uncomplicated catarrh*, if the printed directions were followed. Under the third paragraph of the directions a person suffering with complicated catarrh, by which, no doubt, was meant a sufferer with catarrh who is of a consumptive or scrofulous diathesis, is described. Cases of the former class are within the guaranty, while those of the latter are not. If a patient suffering with complicated catarrh should apply to plaintiff for further treatment, as required by the third paragraph of the printed directions, and incur the additional expense thereof and a cure should not be effected, could it be contended with any show of reason that such a case was within the terms of the guaranty? We think not. Reading the instrument sued on, the guaranty and the

directions as one (as we may for the purpose of arriving at the true intention of the parties: *McDonald v. Wolf*, 40 Mo. App. 302); and we think it must be concluded that it was only in cases of uncomplicated catarrh, such as that of the defendant's daughter was shown from the evidence to have been, that it was intended to extend the guaranty. The application required by the third paragraph of the directions was not a condition precedent to the right of one holding the defendant's guaranty to invoke its provisions. If a patient observed the printed directions in respect to the treatment of a case of uncomplicated catarrh and a cure was not effected, then such patient would be entitled to his services on the guaranty. The instruction in question, therefore, went too far and was properly refused.

The plaintiff further contends that the defendant's first instruction, which in substance told the jury that if the plaintiff warranted the medicine and instrument sold to defendant and the same were worthless for the purpose for which they were sold, or for any other purpose, or were worth no more than defendant had already paid plaintiff for them, there could be no recovery, was erroneous, for the reason that no such issues were submitted by the pleadings or evidence. Perhaps this instruction was out of place in the case and should not have been given. Still, as we are unable to see how the jury could, under the evidence, have found otherwise than they did, we do not think the error was of such a prejudicial character as to warrant a reversal of the judgment. The defendant's second instruction fairly presented the theory of his defense to the jury, under the evidence, and was, we think, properly given.

We think upon a consideration of the whole case, the judgment is for the right party and accordingly it must be affirmed. All concur.