DAVIS R. BOOGHER, Appellant, v. MARYLAND LIFE INSUR-
ANCE COMPANY, Respondent.

| 8 | 533 |
|---|---|
| 36 | 634 |
| 8 | 533 |
| 60 | 33 |

| 8 | 533 |
|---|---|
| 71 | 592 |
| 71 | 595 |

April 6, 1880.

1. That a contract of hiring for an indefinite period is in writing raises no presumption that it is a contract for one year.

| 8 | 533 |
|---|---|
| 90 | 59 |
| 90 | 289 |

2. Proof of an agent's authority to hire servants is not evidence of his authority to employ them for periods of one year or more.

3. An agent employed for an indefinite period may be discharged at any time.

4. In an action for a breach of a contract of hiring for a year, the burden is on the plaintiff to show the special contract.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

MARSHALL & BARCLAY, for the appellant: A formal written appointment of an agent, which fixes no term, implies an employment for one year. — 1 Minor's Inst. Com. Law, 189, and cases. " One who ratifies an act done in his name, without previous authority, ratifies it *as done.*" — *Menkens* v. *Watson,* 27 Mo. 163; *Summerville* v. *H. Co.,* 62 Mo. 391; *Ramozetti* v. *Bowring,* 7 C. B. (N. S.) 851; Wag. Stats. 290, sect. 8; *Norton* v. *Bull,* 43 Mo. 113.

W. H. CLOPTON, for the respondent: A ratification, to be valid, must be made with a full knowledge of the transaction. — *Norton* v. *Bull,* 43 Mo. 116.

HAYDEN, J., delivered the opinion of the court.

This case has been here before, and the facts are stated in the opinion then delivered. When the case was retried on new pleadings there was a demurrer to the plaintiff's evidence, the essential point involved being that which was raised before: that there was no evidence tending to show that Matthews, the agent of the defendant who hired the plaintiff, had authority from the defendant to make time-contracts or to employ the plaintiff for one year. What was said in the previous opinion virtually disposes of the

cause as now presented. The defendant cannot be held to pay for services which were never rendered, except on the basis that the special contract is proved. An essential link in the chain of the plaintiff's case is, of course, the authority of Matthews to bind the defendant by such a contract. The defendant insists that the hiring was for no fixed time, and that it reserved its power of unconditional discharge. Thus the burden devolved on the plaintiff, and he failed to give any evidence tending to show that the agent, Matthews, had the necessary authority, or was empowered to hire the plaintiff for a year. A written appointment from the company, of the plaintiff as general agent at St. Louis, names no time. It is argued that, this being in writing, a year is implied. ·There is no more warrant for this than for saying that two or ten years are implied; and, indeed, if on such facts as are here in evidence the power to employ for one year is implied, it is not easy to say why the power to employ for two or ten years would not follow. It is said that Matthews was manager of agencies, and that his authority was a question of fact for the jury. That he could employ and remove agents may be admitted, but this was not the point; nor could the jury find a verdict without evidence.

The defendant admitted that it employed the plaintiff temporarily, no fixed time being named. This does not, under our law, imply a hiring for a year. The English doctrine — having, no doubt, its origin in local customs — that, where farming and other " servants " are hired for an indefinite period, the hiring is for a year, entails consequences which have made even English judges hesitate to enforce it. See *Huttman* v. *Boulnois*, 2 Car. & P. 510. As with us the employee may, where the period is left open, recover for the service rendered, and is thus relieved from the injustice of the English rule (*Turner* v. *Robinson*, 5 Barn. & Adol. 789), so, on the other hand, the employer ought not to be forced, by an artificial interpretation, into a contract which he has not made.

The letters of the defendant had no tendency to prove ratification. It was perfectly consistent that the defendant should for years recognize the plaintiff as its agent, and then discharge him at pleasure.

The essential point the plaintiff's evidence does not meet. So far from showing that the defendant ratified or assented to a hiring for a year, it is not even shown that the defendant knew that the plaintiff claimed to have been hired for a year.

The judgment of nonsuit was correct, and will be affirmed. Judge BAKEWELL concurs ; Judge LEWIS is absent.