JAMES LEVERIDGE, Respondent, v. NATHAN LIPSCOMB, Appellant.

**Kansas City Court of Appeals, May 20, 1889.**

**Contracts:** HIRING FOR A DEFINITE OR INDEFINITE TIME : BURDEN OF PROOF. In an action to recover wages under a general contract of hiring for no definite time, where the only defense was that the contract was for a definite period, it is error to instruct the jury that the burden of proving such contract for a definite time devolves upon the defendant, and unless the defendant has established such contract by a preponderance of the evidence, they will find for the plaintiff.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED

Statement of the case.

The plaintiff sued the defendant before a justice of the peace for work and labor done on defendant's farm, on a contract for hiring at the rate of eighteen dollars

per month, alleging work for a period of two months and five and a half days, and that defendant was indebted to him therefor in the sum of $39.80.

Plaintiff's claim was based on a contract of general hiring for no definite time. Defendant denied this by his evidence given at the trial, but filed no set-off or counter-claim.

Judgment was rendered before the justice by default, and defendant appealed to the circuit court, where on trial before a jury, there was a verdict and judgment for plaintiff for thirty-six dollars, and defendant appealed to this court.

On the trial in the circuit court there were only two witnesses, the plaintiff who testified in his behalf, and the defendant who testified on his behalf. It is not necessary to refer to the evidence, further than to say that plaintiff's testimony tended to show that he hired to defendant on the fourth day of April, 1887, to work on his farm at eighteen dollars per month, and that it was a general hiring by the month and not for any definite or fixed time. That he worked for defendant under said contract of hiring, for two months and five and one-half days, when he left defendant's employ. And that defendant's testimony tended to show that he hired plaintiff for a definite time, from April 4 until after harvest, and that when he hired plaintiff on or about April 4, 1887, it was with the express understanding that it was from that time until after harvest; that it was at the rate of eighteen dollars per month; that he told plaintiff what harvest he would have, and that he would not hire him at all on those terms, unless he would hire until after harvest, and to help him through the same.

Defendant testified that plaintiff quit his employ the day before harvest without his fault or consent and against his protest. Among other instructions the court, at the instance of the plaintiff, gave the following on the question of the burden of proof:

"2. The jury are instructed that the defendant, for a defense to this action, relies upon the contract that plaintiff hired to work for him for a specified time, or during harvest, and that the burden of proving such a contract devolves upon defendant, and unless the defendant has established such a contract by a preponderance of the evidence, they will find for the plaintiff."

The court, of its own motion, gave the following:

"The court instructs the jury that the burden of proof is on the plaintiff, on the contract he sets up, and that in order to receive anything in this cause, there must be a preponderance of evidence in his favor."

Defendant saved exceptions to these instructions.

*Lipscomb & Rust*, for the appellant.

(1) Instruction number 1, asked by plaintiff, ignored all the issues raised by the evidence and should have been refused. *Clark v. Hammerle*, 27 Mo. 70; *Fitzgerald v. Hayward*, 50 Mo. 523; *Ellison v. Weathers*, 78 Mo. 126; *Birtwhistle v. Woodward*, 95 Mo. 117–118; *Spohn v. Railroad*, 87 Mo. 81 and 82; *Sawyer v. Railroad*, 37 Mo. 263; *Eisenhardt v. Cabanne*, 16 Mo. App. 534. (2) Instruction number 2, asked by plaintiff, puts upon defendant the burden of proving the terms of the contract sued on. It is erroneous and should have been refused. (3) Instruction number 1, asked by defendant, properly stated the law as to the burden of proof, and should have been given. (4) The instruction given by the court on its own motion is erroneous, because it assumes or implies that there was evidence of another contract in this cause than the one under which plaintiff claimed, and put the burben of proof on defendant, in a suit on a contract, where the only defense was a denial of the contract set up in evidence by plaintiff. There was no pretext of two different contracts, and the only question was as to the

terms of the contract under which plaintiff hired to defendant. Plaintiff had to prove the contract under which he hired.

*Thornhill & Garner*, for the respondent.

(1) Instructions are to be considered and construed in their combination and entirety, and not as though each separate instruction was intended to embody the whole law of the case. *McKeon v. Railroad*, 43 Mo. 405 ; *Myers v. Railroad*, 59 Mo. 223 ; *Haskins v. Railroad*, 58 Mo. 306. (2) Instruction number 1, taken and construed in connection with instruction number 2, given at the request of appellant correctly presented the law of the case. (3) Instruction number 2, given at the request of respondent, correctly places the burden of proof upon appellant as to the special contract set up by him. Respondent sued upon a general contract of hiring, and the appellant, as a defense, admitted the rendering of the services, the price per month, and that respondent had not been paid for the same, but affirmatively alleged, to avoid liability, that such services were rendered under a special contract. When respondent established the contract alleged and sued by him, he was entitled to recover, and if defendant sought to avoid liability for the reason that the contract, as alleged by plaintiff, was not the contract, and that the services were rendered upon a special contract, the burden of proving such special contract rested upon appellant. *Church v. Fagan*, 43 Mo. 126 ; *Murphy v. Murphy*, 15 Mo. App. 600.

GILL, J.—It is settled in this state that if one person hires to another for a definite period and abandons such service before the expiration of his term, without cause proceeding from his employer, or the act of God, he can not recover for the services he has rendered. *Earp v. Tyler*, 73 Mo. 617, and cases there cited. The

issue in the case at bar was: What was the contract, was it a hiring at eighteen dollars per month and no definite time fixed, as alleged by plaintiff, or was it otherwise, a contract different from that alleged—a contract of hiring for a definite period? Here was a defined issue as to the terms of employment. Plaintiff based his right to recover on a contract by him claimed for an indefinite time. Defendant denied it. The burden of proving this proposition was with the plaintiff. "The obligation of proving any fact lies upon the party who substantially asserts the affirmative of the issue." 1 Greenl. Ev., sec. 74. The affirmative of this issue was with the plaintiff, and it was error therefore to instruct the jury on this issue, that the *onus* was on the defendant to *disprove* the contract sued on by plaintiff; that defendant was bound by a preponderance of the evidence to prove that something else was the contract, as was, in effect, the instruction number 2 quoted in the foregoing statement of the case.

Had defendant set up by way of counter-claim an agreement to serve for a definite period, and asked affirmative relief, as was the case in *Church v. Fagan*, 48 Mo. 125, then to warrant such relief the burden might well be claimed to rest on the defendant as to that issue. But here the matter is different. Plaintiff sues on a certain contract, and he must establish the facts by him alleged before the aid of the law can be invoked. Sharswood on Ev.

Suppose the *status* of the parties was reversed, and Lipscomb was suing Leveridge for damages for abandoning his contract of service for a definite time, and Leveridge should deny the contract as set up by Lipscomb, would not the burden of that issue rest on Lipscomb? It would therefore be error to tell the jury, unless Leveridge proved by a preponderance of the evidence that the contract of hiring was for an *indefinite* period, the verdict should be for Lipscomb. *Boogher*

*v. Ins. Co.*, 8 Mo. App. 534. The error herein referred to is in this case particularly harmful.

It appears there were but the two witnesses as to the terms of the contract, plaintiff claiming that one thing and defendant another and different thing. It may be the jury found the evidence equipoised, evenly balanced, and by the instructions of the court the jury might reasonably have concluded that under such circumstances it was their duty to find for the plaintiff, whereas the reverse is true as a matter of law.

The judgment must be reversed, and the cause remanded. The other judges concur.