J. A. Cox, Respondent, v. George E. Bowling, Appellant.

Kansas City Court of Appeals, May 15, 1893.

**Principal and Agent:** REAL ESTATE AGENT'S COMMISSIONS. A real estate agent undertook for a certain commission to sell a house and lot for a certain sum; but after repeated negotiations between himself, the owner and the contemplated purchaser, no sale was effected. Then the house burned down. Soon after the fire the owner and the contemplated purchaser met and traded at a lower price. *Held:*

(1) The agent was not entitled to his commission since he did not find an able and willing purchaser at the stipulated price.

(2) So material a change in the subject-matter of the agency as the burning of the house amounted to a revocation of the agent's authority.

*Appeal from the Barton Circuit Court.*—Hon. D. P. Stratton, Judge.

Reversed.

*McCluer & Bowling*, for appellant.

Before the plaintiff was entitled to recover he should have shown that he had complied with his part of the contract. *Blackwell v. Adams*, 28 Mo. App. 63; *Reiger v. Bigger*, 29 Mo. App. 421, cited and approved in *Harkness & Russel v. Briscoe*, 47 Mo. App. 202; *Gaty v. Foster*, 18 Mo. App. 643; *Sibald v. Iron Co.*, 83 N.

Y. 378, cited and approved in *Gaty v. Foster, supra; Wyle v. Marine Nat. Bank,* 61 N. Y. 416; *Beauchamp v. Higgins,* 20 Mo. App. 517; 1 Ewell's Evans on Agency, ch. 8, p. 132-133; Mechem on Agency, par. 238, ch. 7.

*Cole & Ditty,* for respondent.

(1) The demurrer to the testimony was properly overruled. The plaintiff under the evidence was entitled to recover for the reasonable value of services rendered, even upon proof of an express contract fixing the value of the services, such recovery would be limited to the contract value. *Crump v. Rebstock,* 20 Mo. App. 37; *Suits v. Taylor,* 20 Mo. App. 166; *Floerke v. Distilling Co.,* 20 Mo. App. 76; *Mansur v. Botts,* 80 Mo. 651; *Plummer v. Trost,* 81 Mo. 425. Plaintiff was the procuring cause, and by his exertion brought about the sale and is entitled to recover his commission. He introduced the purchaser and gave his name to defendant. Defendant perfected the sale and varied the terms from those given his agent, the plaintiff herein. *Timberman v. Craddock,* 70 Mo. 638; *Beauchamp v. Higgins,* 20 Mo. App. 514; *Ramsey v. West,* 31 Mo. App. 676; *Jones v. Berry,* 37 Mo. App. 125; *Wetzell & Griffith v. Waggoner,* 41 Mo. App. 509; *Russell v. Railroad,* 26 Mo. App. 368; *Nicholson v. Golden,* 27 Mo. App. 132; *Jones v. Berry,* 37 Mo. App. 125; *Desberger v. Harrington,* 28 Mo. App. 632. (2) In the instruction given by the court on its own motion the question of the revocation of the agency of the plaintiff was presented to the jury. Besides, reference being had to one of the instructions given at the request of defendant, it will be seen that defendant's theory of the revocation of the agency is therein embodied and explicitly set forth. The uncontradicted testimony is to the effect that the fire which destroyed defendant's building instead of terminating the agency, only facili-

tated the consummation of the sale of defendant's property to the purchaser procured through the exertion of plaintiff in the course of his employment. Defendant's testimony is that upon the destruction of the building by fire, he immediately took advantage of the purchaser's offer made through plaintiff. There was nothing in the evidence to warrant the inference or justify the court in making the assumption that the fire terminated plaintiff's agency. *Tetherow v. Railroad*, 98 Mo. 74; *Zwisler v. Storts*, 30 Mo. App. 163.

GILL, J.—This is a suit for commissions for sale of real estate. Plaintiff had judgment below, and defendant appealed. The material facts are about as follows: Bowling owned a house and lot in Lamar, Missouri, which he desired to sell. He agreed with Cox, an agent, that if he, Cox, would find a purchaser for the house and lot at the price of $2,500 he would allow him $100 as commissions. Cox entered into negotiations with one Snyder, a resident of Lamar, and made an effort to sell the property to Snyder at the fixed price of $2,500. Snyder refused to give that sum and offered to purchase at a less amount, which Bowling then declined. Cox made repeated efforts to get the parties together, but to no purpose, and the negotiations then ceased. A short time thereafter the building on the lot was destroyed by fire. A few days after the fire Bowling and Snyder met on the street, and after a brief interview Bowling sold the lot (then vacant) to Snyder for $2,000.

Plaintiff originally brought his action before the justice of the peace on the special contract which, as already stated, was that defendant was to pay plaintiff the agreed price of $100 if he sold the property for $2,500; but since plaintiff was unable to prove that the lot was sold for $2,500 the complaint was amended in

the circuit court, over defendant's objection, so as to sue in *quantum meruit*, and it was upon this amended petition plaintiff was allowed to recover.

We find it unnecessary to pass on the question last above suggested, that is, the right of the plaintiff to file the amended complaint in the circuit court, since in our opinion the evidence made no case for the plaintiff, and the trial court should have given a peremptory instruction for the defendant.

Even if there had been no change in the nature and condition of the property subsequent to plaintiff's employment, the right to commissions in this case may well be questioned, since according to the testimony of both parties the nature of plaintiff's engagement was, it seems, that he was to be paid $100 *if he found a purchaser able and willing to give $2,500 for the house and lot*, and otherwise no compensation was to be paid. Nor is there any evidence tending to show that this original contract was ever changed or modified.

But, however this may be, plaintiff did not secure a purchaser for the house and lot he engaged to sell. Snyder and Bowling were never able to agree on a price for the property as it stood when Cox conducted the negotiations. Bowling's price—and that, too, at which Cox undertook to sell—was $2,500, but Snyder was not willing to pay that for the property. Subsequently, however, when the building was destroyed and the property became materially changed (so that indeed it was not the same as when Cox was employed to sell it), Bowling and Snyder came together and a sale of the vacant lot was effected. But this was not the property that Cox was empowered to sell. There was nothing said between Bowling and Cox after the destruction of the building. So material a change in the subject-matter of the agency amount to a revocation of Cox's authority as agent. It is well settled that

the authority of the agent is determined by the destruction of the subject-matter of the agency. Story on Agency, sec. 499; Ewell's Evans on Agency, sec. 132; Mechem on Agency, sec. 238.

The judgment of the circuit court must be reversed. All concur.