JOHN A. CROSS, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 1, 1895.

1. **Principal and Agent:** CONSTRUCTION OF ANSWER: GENERAL AND SPECIAL AGENCY. In a suit upon a contract, where the answer admits the making of the contract but avers it was upon a different compensation from that alleged in the petition, there can arise no question as to the authority of the agent who made the contract; and since the agent had authority to make such contracts, he was the general agent of the defendant and his acts bound his principal though the contracted compensation exceeded the amount he was instructed to allow. The distinction between general and special agency discussed. *Boogher v. Ins. Co.*, 6 Mo. App. 592, distinguished. GILL, J., *dissents in a separate opinion*.

2. ———: ———: ———. Under the pleadings and facts in this case the court properly confined the issue as to whether the contract alleged in the petition was made or not.

3. ———: PLEADINGS: EMPLOYMENT CONTRACT: INSTRUCTION. Various instructions relating to agency and the employment of the plaintiff are considered and criticised.

*Appeal from the Buchanan Circuit Court.*—HON.
A. M. WOODSON, Judge.

AFFIRMED AND TRANSFERRED TO THE SUPREME COURT.

ELLISON, J.—This action is based on an account
for legal services rendered by plaintiff for defendant.
The plaintiff recovered below.

The evidence on plaintiff's part tended to show an
employment at the stated rate of $600 per year. The
evidence in behalf of defendant tended
STATEMENT. to show an employment for no fixed sum
but depending for the amount of compensation on the
value of the services rendered by plaintiff. The em-
ployment was made by Mr. Lathrop as the defendant's
solicitor for Missouri, and the tendency of defendant's
evidence was that Mr. Lathrop had no authority, as
defendant's agent, to employ plaintiff for a stated sum
per annum. From this contention arises the principal
controversy here, the plaintiff contending that Mr.
Lathrop's authority was admitted by the defendant's
answer and the defendant denying that the answer
makes such admission. It being conceded that if not
admitted it should have been proven by plaintiff. In
order that our view as to the proper construction of the
answer may be made to appear more satisfactory, we
will set forth a copy of the petition and answer.

The petition, after some formal allegations, includ-
ing that of defendant's being a corporation, continues:
"For cause of action against the defendant, the plain-
tiff states that the defendant is indebted to him in the
sum of $1,250 for legal services rendered to defendant
as attorney and counsel for defendant in
PETITION. and for Clinton county, Missouri, from
January 1, 1889, to December 31, 1891, which services
were rendered at the instance and request of defend-

ant, and for which the defendant agreed and promised to pay plaintiff the sum of $600 per annum; that plaintiff demanded of defendant payment of said sum on the third day of December, 1891; that defendant failed and refused to pay the same; that said sum of $1,250 remains due and unpaid, and for which, with six per cent interest from December 3, 1891, plaintiff prays judgment."

The answer of defendant to this petition is as follows: "Now comes the defendant, and for answer to the petition of the plaintiff herein admits that it is a corporation as in said petition charged, and that it employed plaintiff to act as its local attorney in Clinton county, in the state of Missouri, but defendant denies that it ever at any time agreed or promised to pay plaintiff a yearly or monthly salary of any sum or amount. On the contrary, defendant avers and charges the fact to be that under the contract and agreement between plaintiff and defendant it was expressly agreed and understood that the compensation to be paid plaintiff for his services was dependent entirely upon the amount and value of the services rendered by him; that he was to render from time to time an account of the services rendered and make a reasonable charge for the same; and in the event of any controversy between him and the defendant about the amount of any of his said charges the same were to be referred to the then acting general solicitor of the defendant for final adjustment.

ANSWER.

"Defendant states that plaintiff has failed and refused to render to defendant an itemized account of the services rendered by him, in accordance with the terms of his said employment, and the amount thereof has never been agreed upon between the plaintiff and the defendant; that prior to this suit a controversy existed and now exists between plaintiff and defendant about

the amount of his charges, and that the general solicitor of defendant has never adjusted the amount due for plaintiff's said services. Defendant states that this was the only contract ever entered into by it with the plaintiff, and it denies each and every allegation in said petition contained not expressly admitted.''

From the mere reading of the answer, as applied to the allegations of the petition, it is apparent that an employment of plaintiff by defendant for the performance of legal services at some compensation is admitted; and that the only thing in that connection which is denied by the answer relates solely to the mode or amount of compensation which plaintiff was to receive for such services. This employment charged by plaintiff and admitted by defendant was made through Mr. Lathrop as agent for defendant. Therefore when defendant admits the employment, it of course admits the authority of the agent who made such employment. So that the question reduces itself to a mere understanding of language which we think can have but one meaning and that it can bear no other construction than what it plainly says. That the answer was so understood and treated by defendant's counsel at the trial is made plain by an instruction which was given at defendant's instance in the following words: ''The defendant does not deny that it employed plaintiff to act as its attorney in Clinton county, nor does it deny that it owes the plaintiff for such services as he performed for it while acting as its attorney, but the question as to which they differ is in respect to the terms of that employment. The plaintiff contends that he was employed by the year at a salary of six hundred dollars per annum. This the defendant denies and contends that the employment was for no specified time and that the compensation was to be determined by the services

*PRINCIPAL and agent: construction of answer: general and special agency.*

actually rendered by him for the defendant. The burden of proof is upon the plaintiff to establish by a preponderance of the evidence that he was employed by the year at a salary of $600 per annum."

We entertain no doubt that under the answer a question of Mr. Lathrop's authority could not arise. The evident meaning of the answer is, as stated in the foregoing instruction, that no denial of authority was made, but on the contrary was *admitted*.

The only possible way to bring in a question of the agent's authority is to say that the answer admits he had authority to employ plaintiff as such attorney for Clinton county at a compensation depending upon the services rendered, but not to admit he had authority to employ plaintiff at the compensation of a stated sum. In other words this contention amounts to this; that Mr. Lathrop had authority to make the employment and to agree upon a compensation, but not *the* compensation which plaintiff claims. In considering the case from the point of view just suggested we shall treat Mr. Lathrop as the defendant's general agent for the purpose of employing local attorneys in Missouri. The evidence on defendant's part shows that he was in charge of defendant's legal business in Missouri and a small portion of Iowa and that he was authorized to employ local attorneys in the different counties for a compensation, though that evidence does further show that such compensation was to be reasonable charges for services, and from time to time to send bills to him; and that if a controversy arose over the charges it should be submitted to the general solicitor for the defendant. Mr. Lathrop was thus made the general agent of defendant. He exercised his own choice in selecting the local attorneys. The agency was none the less a general agency because it did not extend over the whole business of his principal.

"A man may have many general agents, one to buy cotton, another to buy wheat, and another to buy horses. So he may have a general agent to buy cotton in one neighborhood, and another general agent to buy cotton in another neighborhood. The distinction between the two kinds of agencies is that the one is created by power given to do acts of a class, and the other (special agency) by power given to do individual acts only." *Butler v. Maples*, 9 Wall. 766; Mechem on Agency, secs. 6, 283; Story on Agency, secs. 17, 18, 19.

Conceding, therefore (merely as a concession), that the answer reasonably bears the construction above mentioned, it will not aid defendant in this controversy. For if a principal sends out an agent clothed with authority to make an employment and to agree upon compensation, but with instructions unknown to the employee, directing such agent not to go beyond a certain amount of compensation for such employee, the principal will be bound by the compensation which the agent agrees to pay; provided, of course, that it be reasonable in its character and amount. In such case the agent is acting within the apparent scope of his authority. And in this respect it has been said that there is no difference between a general or a special agent. If he be a special agent for a certain purpose, he will be clothed with all necessary power to effectuate that purpose. As "when A. is employed by B. to do a particular act, A. is authorized by B. to do whatever is proper and usual to perfect such act." Wharton's Agency, sec. 135; Mechem on Agency, sec. 280. So, if one authorized an agent to sell a horse, but secretly instructs the agent not to accept less than a certain amount, the principal will be bound though the agent sells for a less sum. Ewell's Evans on Agency (side page), 105. That author says

that it proceeds as a corollary from this "that whenever a special agent or a general agent with a secret limit to his powers has been placed by his principal in a position where his apparent exceeds his real authority, the principal is not entitled to be relieved against any contract entered into merely upon the ground that he had previously instructed his agent not to enter into a contract except under certain circumstances, these circumstances being unknown to the other contracting party." And so the law is stated in Story on Agency, sec. 130. That author says (what is quite apparent to all) that if this was otherwise, no one would be safe in contracting with an agent. If the law was not as here stated, all those dealing with an agent would be put to the peril of whatever private instructions might be given by the principal inconsistent with the apparent authority. So in those jurisdictions where authority to sell personal property carries with it power to warrant, a principal will be bound by his agent's warranty though he privately instructed him not to do so. *Samuel v. Bartee*, 53 Mo. App. 587. Story on Agency, 132. And so our supreme court has held that a power to sell goods includes the power to receive payment (*Rice v. Groffman*, 56 Mo. 434), especially where the agent delivers the goods.

In the case at bar defendant admitted, as we have shown, that Mr. Lathrop had authority to employ the plaintiff as defendant's local attorney for Clinton county at a compensation; and defendant's evidence showed that he had such authority for the employment of such attorneys generally through the state. This carried with it the apparent authority to fix the compensation (within reasonable bounds) and no secret limitations as to the character or amount of the compensation can affect the plaintiff who had no notice of such restriction.

But we are cited to *Boogher v. Ins. Co.*, 6 Mo. App. 592, and s. c., 8 Mo. App. 533. That case is not applicable to the pleadings or facts in the case at bar. In that case the pleadings are not set out, though it appears, as we gather from the opinion, that the plaintiff claimed employment for a year, seven months of which he served, and being discharged brought the action for the *remaining five months*. The answer in that case admitted a conditional employment of a temporary nature and especially *denied the agent's authority* to make the employment for the time stated by plaintiff. The court held that it devolved upon the plaintiff to prove the agent's authority to make the employment for a year. In the case before us the petition does not allege an employment for a year or any other definite time. Neither does the answer make any reference to the period of employment, or to the agent's lack of authority in any respect. The petition is subject to criticism in claiming more money to be due plaintiff than the time alleged, at the rate alleged, would amount to; but this was made clear enough at the trial by the fact appearing in evidence that plaintiff performed services for two years and one month. The case shows that plaintiff's claim is that he was employed at the rate of $600 per annum. Such was the mode of his employment with defendant's predecessor in operating the road, plaintiff testifying that his contract with defendant was like that he had with its predecessor, and it appeared from other portions of the testimony that he served such predecessor for one year and a part of another. Defendant's claim is that plaintiff was employed at what his services were worth and in case of disagreement to be referred to defendant's general solicitor. It is true that the instruction given at defendant's instance, and which we have set out, states

*—: pleadings: employment contract: instruction.*

plaintiff's contention to be that he was employed by the year, and that defendant's contention among other things was that he was not employed for a specified time. But this error of fact can not be complained of by defendant. So that in this case we have not the question which was before the court in *Boogher v. Ins. Co.*, and have here no occasion to approve or disapprove that case. We have here, as before stated, an employment made by an agent whose authority to make an employment at some compensation is admitted, but the amount of the compensation to be given for that employment as claimed by plaintiff is denied. So, conceding to the answer the interpretation defendant now contends for and connecting it with the evidence introduced by defendant, showing the character of Mr. Lathrop's agency, we find the court fully justified in confining the issue for the jury to the question of which of the two contentions as to the compensation was correct. Under the pleadings and the undisputed evidence, the contract contended for by plaintiff, if made at all, was binding upon defendant.

We have examined the instructions offered by defendant and refused by the court. Those relating to the agent's authority are disposed of in what has been already written. The others (not numbered) were also properly refused. One singles out by name only a portion of the evidence and reminds the jury that they may consider such "and all other facts and circumstances in evidence." It was not reversible error to refuse this, since under the facts shown in evidence it was calling undue attention to particular portions of the evidence by name. Another directing the jury to disregard all evidence respecting plaintiff's contract with the St. Joseph & St. Louis Railway Company was properly refused since the testimony given by

plaintiff tended to show that he made a contract with defendant like that he formerly had before defendant took charge of the road referred to. Another instruction was refused on the point of plaintiff's and defendant's agents misunderstanding one another as to the terms of the contract and their minds not meeting on that question. This was amply covered by one given at defendant's instance after the refusal of the former. A modification by the court of an instruction presented by defendant was not improper. Without the modification it amounted practically to a direction to find for defendant. There was also presented on the motion for new trial the affidavits of defendant's two attorneys in the trial court, wherein they stated that they understood and intended that the answer should contain a denial of the agent's authority, etc. We discover nothing in these which would justify us in interfering with the action of the trial court.

After a careful examination of the record and of the briefs and arguments of counsel we can find no justification for disturbing the judgment, and hence are constrained to order its affirmance.

SMITH, P. J., concurs; GILL, J., dissents.

GILL, J. (*dissenting*).—Among the errors assigned I think there is one that should result in reversing the judgment. I refer to the court's action in taking from the jury the question of Lathrop's authority to make, on behalf of defendant, the contract sued on. Although the court admitted evidence on that issue, yet when the testimony was all in, the following instruction asked by defendant was refused and none other of like tenor was given, to wit:

"5. It is incumbent upon plaintiff to prove to the jury, by a preponderance of the evidence, as a part of his case, that Gardiner Lathrop had authority from

defendant to make a contract with plaintiff for services, upon the basis of an annual salary.''

The plaintiff in his petition alleged the making of a special contract with defendant, whereby he was to receive an annual salary for attention to its legal business in Clinton county. Defendant by answer denied that it had made any such contract. The existence, then, of said special contract was squarely put in issue, and the burden of proving it rested with the plaintiff.

To establish the affirmative of this allegation, plaintiff introduced evidence tending to prove that Lathrop, an agent of the defendant, entered into the contract in its behalf. That was proper, and defendant would be bound, *provided*, however, that Lathrop was duly authorized by the company to make such a contract, and the proof of this authority was a necessary component part of plaintiff's case. Without such proof, the special contract as alleged was not shown. It was an essential link in the plaintiff's case. *Boogher v. Ins. Co.*, 8 Mo. App. 533. Same case reported, 6 Mo. App. 592, of which we have been furnished a manuscript opinion.

We may well adopt the language of Judge HAYDEN in the latter case, and say that the burden was on the plaintiff to prove the special contract and all of its elements, one of which was authority in Lathrop to make it; or, as stated in Mechem on Agency, sec. 276: "Persons dealing with an assumed agent, therefore, whether the assumed agent be a general or special one, are bound at their peril to ascertain, not only the fact of the agency, but the extent of the authority, and in case either is controverted, the burden of proof is upon them to establish it.''

The case above cited from the St. Louis court of appeals is quite similar to the one at bar. Boogher sued the insurance company for breach of contract of

an alleged yearly hiring. The answer denied the contract and set up that plaintiff was hired only temporarily. Boogher's evidence tended to show that Matthews, a manager of agencies, employed him (Boogher) for a year. That of the insurance company tended to prove that Matthews gave Boogher only temporary employment, and that Matthews had no authority to engage agents for a year; that his authority was limited in that respect. The only difference in the cases seems to be, that in that of Boogher, the answer, in addition to a denial of the contract pleaded in the petition, further alleged that defendant's agents had no authority to employ respondent Boogher for a year. But that difference is of no consequence, since a general or special denial of the special contract set up in the petition raises that question, for, as already said, the authority of the agent to enter into the alleged contract for and in behalf of his principal, is made an issue in the case by a simple denial in the answer that such a contract was made. In other words, a simple denial of the special contract sued on not only raises the issue as to whether A. (the agent) in fact so agreed with the plaintiff, but also whether said agent was *authorized* by the defendant to so contract on his or its account.

It seems to be plaintiff's contention (and which is adopted by the majority opinion) that the answer admits the authority of Lathrop, the agent, to make a special contract sued on. This, I think, is a misconception of the pleadings. The answer *may* be treated as an admission that the agent had authority to make a *contract for services which were to be paid for according to the extent and value thereof* (and which the answer alleges was the contract between the plaintiff and defendant), but admitting authority in the agent to enter into a contract of that description is not an ad-

mission that he might bind his principal by a contract materially different.

In my opinion, then, the trial court eliminated a material issue in the case, and thereby deprived defendant of a defense to which, under the pleadings, it was entitled.