Lipscomb & Russ, Respondents, v. Jesse Cole, Appellant.

Kansas City Court of Appeals, May 29, 1899.

1. **Real Estate Broker**: COMMISSIONS: EXCLUSIVE AGENCY: SALE BY ANOTHER. If an agent with exclusive power to sell real estate for the owner finds a purchaser for the property, and the owner by himself or with the help of another takes up the negotiation broken by the agent and completes the sale, the agent is nevertheless entitled to his commission.

2. ———: TERMINATION OF AGENCY: OPTION TO AGENT. Whether an agency to sell real estate for the owner is terminated by an option to buy subsequently given to the agent, depends upon the conduct of the parties; and on the evidence in this case it is held that the agency was not terminated by the option.

3. ———: ———: ———: INSTRUCTION. The evidence in this case warranted the trial court in declaring as a matter of law that the option given the agent did not revoke his agency to sell.

*Appeal from the Jackson Circuit Court.*—Hon. J. W. Henry, Judge.

AFFIRMED.

I. Tavenner with L. H. Waters for appellant.

(1) The plaintiffs having accepted the written proposition of the defendant whereby they became conditional purchasers at a reduced price, and the proposition being in writing unambiguous and in recitals unconnected with the contract of agency, and it being the last expression of the agreement between plaintiffs and defendant, its meaning can not be

changed or varied by parol evidence and plaintiffs are estopped to deny its force and effect. Savings Ass'n v. Kehlor, 7 Mo. App. 158; Lewis v. Ins. Co., 3 Mo. App. 372; Fruin v. Railway, 89 Mo. 397; County of Johnson v. Wood, 84 Mo. 489; Hagar v. Hagar, 71 Mo. 610; Crisman v. Hodge, 75 Mo. 413; Bigelow on Estoppel [1 Ed.], p. 586, par. 1; Kimball v. Brawner, 47 Mo. 399; Rergard v. McNeil, 38 Ill. 400. (2) Before an agent can recover for services in making a sale he must be the procuring cause of the contract on which he depends for his recovery. He must procure a purchaser who is ready, willing and able to buy on the terms authorized by the principal. A substantial variance therefrom will defeat his right to compensation, unless the principal ratify the contract made by the agent. Gelatt v. Ridge, 117 Mo. 553; Nesbitt v. Helser, 49 Mo. 384; Ramsey v. West, 31 Mo. App. 676; Cox v. Bowling, 54 Mo. App. 289; Beauchamp v. Higgins, 20 Mo. App. 514; Bell v. Kaiser, 50 Mo. 150; Tyler v. Parr, 52 Mo. 249; Lincoln v. McCletchie, 36 Conn. ——. (3) A broker is an agent employed to make bargains and contracts between other persons, and receives a commission for doing so. He can not unite in himself the opposite character of buyer and seller, and when he accepts a proposition of purchaser from his principal the agency terminates. Atlee v. Fink, 75 Mo. 103; Bent v. Priest, 86 Mo. 482; Grumley v. Webb, 44 Mo. 445; Gaty v. Sack, 19 Mo. App. 470; 2 Kent [12 Ed.], p. 618; Story on Agency [8 Ed.], pars. 9, 210, 211, 481-499.

KARNES, HAGERMAN & KRAUTHOFF for respondents.

It is absolutely certain that Lipscomb showed the Cole farm to M. S. Cowles, the president of the Interstate Land and Business Company, in the summer or fall of 1896, and again on April 20, 1897, at which last date the two parties who finally made the sale and exchange were formally intro-

duced and negotiations were then begun, which finally resulted in the sale. There is no pretense that at both these dates the contract and its extension sued on was not then in full force. If it was, and a sale was afterward effected between Cole and Cowles, the judgment was for the right party, even though at the time of the consummation of the sale Lipscomb's agency had been revoked. Goffe v. Gibson, 18 Mo. App. 1; Bell v. Kaiser, 50 Mo. 150; Tyler v. Parr, 52 Mo. 249. After Lipscomb had "shaken the tree" appellant seeks to permit Knight another agent, to "carry off the fruit." This the law will not allow. Brennan v. Roach, 47 Mo. App. 290; Tyler v. Parr, 52 Mo. 249; Timberman v. Craddock, 70 Mo. 638; Gelatt v. Ridge, 117 Mo. 560; Bass v. Jacobs, 63 Mo. App. 393; Childs & Rains v. Crithfield 66 Mo. App. 422; Stinde v. Blesch 42 Mo. App. 578; Wright & Orrison v. Brown, 68 Mo. App. 577. (2) The questions raised and argued in appellant's brief that the agent must produce a person able and willing to take the property on terms authorized by the principal can not arise in this cause for the reason that the contract of sale has been finally executed and deeds delivered. Wright & Orrison v. Brown, 68 Mo. App. 577. (3) Exchange of property the same as a sale. Kennerly v. Somerville, 68 Mo. App. 222. (4) The agent, if the procuring cause of the sale, is entitled to his commission, even though the sale is made by his principal or other agent on terms different from those specified in his authority, and even though sold at a less price and different terms. Stinde v. Blesch, 42 Mo. App. 578. (5) The contract sued on was never revoked. The proposition of April 24, 1897, did not revoke the contract sued on. If the intention can be ascertained by the acts and conduct of the parties, such interpretation should prevail. Rose v. Carbonating Co., 60 Mo. App. 28; Dobbins v. Edmonds, 18 Mo. App. 307; Patterson v. Camden, 25 Mo. 13; Worth v. Herbert, 59 Mo. App. 560.

Lipscomb & Russ v. Cole.

ELLISON, J.—This is an action to recover commission for the sale of defendant's farm lands lying in Jackson county, Missouri. Plaintiffs obtained judgment in the circuit court on a trial without the aid of a jury.

STATEMENT.

The following writings signed by defendant afford the principal foundation for plaintiffs' claim as well as one of defendant's defenses:

"Kansas City, Mo., May 17, 1895.
"Mr. J. H. Lipscomb:

"You will please sell for me my home farm of about 410 acres, more or less, in secs. 26, 36 and 25, in town. 49, r. 33, Jackson county, Mo., at one hundred dollars per acre, $40 cash and balance in three to five years, secured by deed of trust back on land; deferred payments to bear interest at the rate of six per cent per annum payable annually.

"I will pay you a fee of 2 and 1-2 per cent on the sale or purchase price. I will also allow you as compensation all you can get over and above the $100 an acre. This authority to sell shall be exclusive, and no other agent shall offer it or any part of it for sale. I reserve the right to sell it or any part of it myself. If sold, I will give possession March 1st, 1896.

"This authority to sell shall continue till March 1st, 1896, unless sold by me before that time.

"Jesse Cole."

"The time and authority to J. H. Lipscomb to sell is extended, until countermanded, on same terms.

"Jesse Cole."

"Kansas City, Mo., April 24, 1897.
"Mr. J. H. Lipscomb: I will sell you, or make a deed to anyone you direct, my home farm (describing the lands), being about 407 acres more or less, at and for the sum of $35,000, one-third, or $10,000, to be paid in cash, and balance in 3 or 5 years at 6 per cent per annum. This proposition is to

remain subject to acceptance for a period of forty days from this date; or I will sell for all cash for the sum of $28,000, if taken within forty days from date hereof.

"Jesse Cole."

The case has been argued and briefed at length. These and the abstracts of the record presented by each party have brought us to the conclusion that, at last, the principal controversy is based on the evidence heard by the trial judge. This was apparent to us at the oral argument and an examination of the record has shown that that impression was correct. We find that the evidence tending to support plaintiffs theory and right to recover is sufficient to sustain the finding and we will therefore affirm the judgment if certain legal questions presented have been properly disposed of by the trial court. We have said enough of the evidence without setting it out in detail or by way of comment. We shall therefore omit any specific reference thereto save what may be necessary, in a general way, to make clear our position on the legal points presented.

The land was finally sold or traded (the consideration being part money and part a ranch in Wyoming) to M. S. Cowles, president of the "Inter State Land & Business Company," at a price, as alleged, of $60,000, though the deed stated a consideration of $35,000, and it was on the latter sum the trial court allowed plaintiffs' commission. The sale was consummated by another agent. Therefore defendant claims that plaintiffs did not produce a purchaser, able and willing to buy on the terms for which plaintiffs were authorized to sell.

But the evidence shows that after plaintiffs received their first authority they began to advertise the property which brought Cowles to them. That they took him REAL estate broker: commissions: exclusive agency: sale by another. to see the property and afterwards introduced him to defendant. The fact that the actual sale was made by defendant himself, or through another agent, will not bar plaintiffs' right to their

commission. Gelatt v: Ridge, 117 Mo. 560; Bell v. Kaiser, 50 Mo. 150; Stinde v. Blesch, 42 Mo. App. 578; Bass v. Jacobs, 63 Mo. App. 393; Tyler v. Parr, 52 Mo. 249; Timberman v. Craddock, 70 Mo. 638. If therefore an agent with exclusive power (as to other agents) to sell real estate for the owner, finds a purchaser for the property to whom he introduces the owner and the owner takes up the negotiation begun by the agent, or calls to his aid some other agent and they, singly, or jointly, make the sale, the first agent should not be made to lose his commission. Otherwise compensation could always be withheld by a designing owner.

It is however insisted by defendant that notwithstanding the original contract with plaintiffs and the extension afterwards indorsed thereon, the contract of —: termination of agency: option to agent. April 24, 1897, giving plaintiffs an option for forty days within which to buy the land was a revocation of the former contracts and that upon the expiration of the limit all contracts between them were at an end. That is a proposition which depends altogether upon the conduct of the parties. It will be noticed that plaintiffs' authority began in the spring of 1895 and the evidence discloses that the sale was made in the fall of 1897. In this interval of eighteen months or more, different plans to dispose of defendant's farm were discussed and tried; but as each would fail of consummation the evidence tends to show that plaintiffs and defendant *would return to their original agreement* as extended. There is ample evidence to sustain the trial court in the conclusion that the original agreement was never considered as at an end by the parties themselves. If the parties treated it as subsisting then the court should. Rose v. Carbonating Co., 60 Mo. App. 28. We therefore approve of the action of the trial court in refusing to accept the option contract referred to as a revocation of the original contract of agency.

Lipscomb & Russ v. Cole.

There can be no question, as has just been intimated, that the parties in trying different ways of disposing of the land, treated the original contract as temporarily

—: —: —:   suspended until the result of these plans should
instruction.   be known.  But that there was no intention to finally abandon the original contract without regard to the result of other plans, is evidenced by the conduct of the defendant himself.    Indeed, the evidence on the part of plaintiffs (which, since the court's finding, we must regard as true) leaves no doubt of this.    The instructions given for plaintiffs and those given and refused for defendant are in keeping with what we have said, unless there was error in declaring as a matter of law, as the court did, that the option proposition of April 24, 1897, did not countermand or revoke the first contract.

. As to this we have concluded there was no reversible error, when considered in connection with the uncontradicted evidence.  Defendant himself testified that the "contracts" he had with plaintiffs had expired and were *renewed*.  This bears out what we have said about the different attempts made to sell the farm and afterwards returning to the original contract.   When he was asked if he considered any contract existed after the expiration of the forty days' option, he admitted that he continued to call on plaintiffs with a view of selling the land.   That he sent Lipscomb to intercede for him with a loan company who held a mortgage on the land to get the company to delay foreclosure pending an effort to sell.   He was then asked if he considered Lipscomb "was entirely cut loose."   He answered:   *"No, I didn't consider him cut loose,* because those contracts had run out, and remained that way for a time, and then he would speak about them and renew them."   So therefore we conclude that this and the remainder of the record shows so conclusively that defendant himself regarded his original contract with plaintiffs as continuing after the expiration of what is called the forty days' option

that there was no error materially affecting the merits of the controversy in giving the declaration referred to. We have not overlooked the cases of Beauchamp v. Higgins, 20 Mo. App. 514; Ramsey v. West, 31 Mo. App. 676, and Cox v. Bowling, 54 Mo. App. 289 decided by this court as well as others of like kind. But a consideration of those cases will show them to be readily distinguishable from the class in which the evidence here puts this case.

In our opinion the judgment should be affirmed. All concur.