WILLIAM H. HALLIWELL, Respondent, v. ORIEN-
TAL CEMENT & PLASTER CO., Appellant.

Kansas City Court of Appeals, May 19, 1913.

1. AGENT: General: Special: Restrictions: Class. To be a
general agent, it is not necessary that one be universal agent
either as to power and authority, or territory over which
the authority is exercised. One may be a general agent though
restricted as to a certain territory and to a certain class of
business.

2. ———: ———: ———: Authority: Salesman: Hiring for
Definite Time. Where an agent in Missouri had general charge
of the entire business in a certain district of a foreign corpora-
tion, rented offices for a period of one year, had "General,
Manager" added to his name painted on his office door, fixed
prices for defendant's product, and had cards printed advertising
the business, and hired salesmen; it was *held* that he was a gen-
eral agent in that territory with authority to do all necessary
things for the well-being and promotion of that business, and that
the employment of a salesman for the period of one year, was
within his authority.

Appeal from Jackson Circuit Court.—*Hon. Thos. J.
Seehorn,* Judge.

AFFIRMED.

*G. R. Donaldson* and *C. L. Orr* for appellant.

*Pence & Thayer* for respondent.

ELLISON, P. J.—Plaintiff's action is for dama-
ges for breach of a contract of employment as a general
salesman for defendant, a California corporation, in
the sale of its product in the vicinity of Kansas City,
Missouri. The judgment in the trial court was for the
plaintiff.

It seems that one McBurney was defendant's
agent at Kansas City in charge of its business, and
needing a salesman he wrote to defendant at Santa

Ana, California, whether he should employ plaintiff. Defendant telegraphed back. "Put Halliwell to work; better hire Halliwell." Thereupon McBurney employed plaintiff, by written contract, for one year, at $125 per month, with a stipulation for a second year conditionally, which is not here involved. At the end of five months defendant discharged plaintiff and this action was brought. The court allowed him his wages to the close of the year, less what was shown he earned at other employment.

The question involved relates to the authority of McBurney. Authority to employ plaintiff generally, but for no stated time, is conceded. The controversy is over the question whether he had authority to employ him for one year, and to this there can be no other answer than that given by the circuit court.

The evidence showed McBurney to be in charge of defendant's business generally in this vicinity in the capacity of general manager. He rented offices for defendant in the city for one year and the sign on the door read: "Oriental Cement & Plaster Company.—W. R. McBurney, Manager." He had charge of defendant's depot and storage house and hired other salesmen. He had cards printed of defendant's business, stating plaintiff to be sales manager, and he fixed the prices for defendant's product. And if it is to be assumed that he performed his duty, he reported to defendant in his reports of business, the contract with plaintiff.

We have no doubt as to there being evidence to justify the court in finding McBurney had authority to employ plaintiff for a year. Keeping in mind the kindred things above stated which McBurney did for defendant, why is it not a most reasonable and justifiable inference that his authority was not only to employ plaintiff, but for a reasonably definite time? He was their general agent in the Kansas City community, with authority to do all things reasonably nec-

essary to carrying on defendant's business in that vicinity. [Cross v. A. T. & S. F. Ry. Co., 141 Mo. 132; s. c., 71 Mo. App. 585.] These cases show that it does not follow because an agent is restricted to a certain territory, or to a certain kind of business, he may not be a general agent. "The distinction between two kinds of agencies is that the one is created by power given to do acts of a class, and the other (special agency) by power given to do individual acts only." [Butler v. Maples, 9 Wall. 766.]    To be a general agent one does not have to be one of unlimited powers. "He is far from being a universal agent or a mere autocrat, and while his authority is not to be constricted by undisclosed limitations, it must on the other hand, be confined to such transactions and concerns as are incident and appurtenant to the business of his principal and to that branch of the business which is entrusted to his care." [Mecham on Agency, sec. 286.]

Confining McBurney's agency within the limits of these authorities, it is manifest that he was defendant's general agent in the management of its business in the Kansas City territory, and that the trial court was justified in concluding that in view of the nature of defendant's business entrusted to his care and promotion, it was not an unreasonable exercise of authority to hire plaintiff for one year.

Other matters argued are not of substantial merit. The judgment was for the right party and is affirmed. All concur.